O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

CIVIL MINUTES - GENERAL

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                                   Not Present

**Proceedings:**    **(In Chambers) Order Granting in Part and Denying in Part Defendants' Motions**

Pending before this Court are Defendants' Motions to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. Proc. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motions.

I.      BACKGROUND

This action arises out of a dispute between two companies that provide online payment services. The plaintiff, Local Billing, is a limited liability company registered to do business in California.[1] Among other things, it provides online payment services to clients who distribute digital video content online ("content providers") and who wish to sell access to that content to end-users ("viewers"). These content providers are located in at least two states: California and Arizona.

There are five defendants in this case. The first is Webbilling, a corporation based in The Netherlands. Allegedly, Webbilling offers its direct debit billing solutions only to European customers of Internet commerce companies. The other four defendants are Frans Lamers, the Chief Executive Officer of Webbilling; Michael Reul, an owner and shareholder of Webbilling;

---

[1] Local Billing is made up of three members: Clayton T. Douglass, a citizen of Missouri who currently resides in Spain; and, based on Douglass's information and belief, Mitch Platt, a citizen of California who currently resides in Spain, and Andreas Bischoff, a citizen of Germany. *See Douglass Decl. in Response to OSC* ¶¶ 4-5.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

and Joseph Devlin and Ines Petersen, two employees of Webbilling. None of these individuals are citizens of California.

According to Clayton T. Douglass, Local Billing and Webbilling are mutually exclusive. By this, Douglass means that a content provider who contracts with Local Billing for online payment services will have no need to contract with Webbilling for the same services. Put otherwise, Local Billing and Webbilling are direct competitors.

Apparently, throughout the year both Local Billing and Webbilling travel to trade shows held by the entertainment industry. According to Local Billing, these trade shows provide it with an opportunity to meet content providers, thereby allowing Local Billing to expand its list of clients. It was at one of these trade shows that the conduct giving rise to this action occurred.

Local Billing alleges that at a November 2007 trade show in Los Angeles, California, Defendants made misleading remarks and misrepresentations about Local Billing to several content providers. These remarks and misrepresentations allegedly concerned Local Billing's technological capabilities, its processes and procedures, and the integrity of Local Billing's employees and agents. It is Local Billing's belief that Defendants made these statements to disparage Local Billing's reputation among certain companies doing business in California and to dissuade such companies from doing, or continuing to do, business with Local Billing.

On May 9, 2008, Local Billing filed the instant action in this Court. In its Complaint, Local Billing alleges the following six state law causes of action: (1) intentional interference with contract; (2) intentional interference with prospective economic advantage; (3) negligent interference with prospective economic advantage; (4) unfair business practices; (5) trade libel; and, (6) false advertising. Presently before the Court are three alternative Motions, filed by Defendants: a Motion to Dismiss for Lack of Personal Jurisdiction, a Motion to Dismiss on Grounds of *Forum Non Conveniens*, and a Motion to Dismiss for Failure to State a Claim on Which Relief Can Be Granted.

II.     LEGAL STANDARD

A.     Rule 12(b)(2) of the Federal Rules of Civil Procedure

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

CIVIL MINUTES - GENERAL

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

(9th Cir. 2004). Where, as here, the court makes its jurisdictional finding based on pleadings and affidavits rather than after holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995); *see also Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 n.3 (9th Cir. 1993).

In determining whether the plaintiff has presented a prima facie case, the court must assume the truth of the complaint's uncontroverted allegations. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). However, once the defendant has contradicted allegations contained in the complaint, plaintiff may not rest on the pleadings, but must instead present admissible evidence to support the court's exercise of personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Ass'n, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Just as the court will accept plaintiff's uncontroverted jurisdictional allegations as true, the court will also resolve any factual disputes in plaintiff's favor. *See Harris Rutsky*, 328 F.3d at 1129 (citations omitted).

  B. <u>*Forum Non Coveniens*</u>

In the federal courts, a district court may decline to exercise jurisdiction in those cases where litigation in a foreign forum would be more convenient for the parties. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). In exercising this discretion, a court will consider whether an adequate alternate forum exists and whether the balance of private and public interests favors a different forum. *Id.*

  C. <u>Rule 12(b)(6) of the Federal Rules of Civil Procedure</u>

Under Rule 12(b)(6), a party may move to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Importantly, though, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#27**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). To further the inquiry, courts may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir. 1994), *reversed on other grounds*. A document may, however, be considered only if it is alleged in the complaint and its authenticity is not questioned. *See id.*

III.    DISCUSSION

    A.    Whether Dismissal is Appropriate Under Rule 12(b)(2)

Generally, determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether the forum state's long-arm statute permits the assertion of jurisdiction and (2) whether assertion of personal jurisdiction violates federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996) (citations omitted). However, because California's long-arm jurisdictional statute is coextensive with federal due process requirements, *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Cal. Civ. Proc. Code § 410.10), the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction over the defendant violates the Due Process Clause. *Rocke v. Canadian Auto. Sport Club,* 660 F.2d 395, 398 (9th Cir. 1981). Accordingly, jurisdiction is proper over a nonresident defendant "if the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks and citation omitted). Under this analysis, a state may exercise either "general" or "specific" jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

        1.    General Jurisdiction

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts," *Helicopteros*, 466 U.S. at 416 (citation

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

omitted), that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Local Billing apparently concedes that the Court lacks general jurisdiction in this case. Moreover, the Complaint contains no allegations that Defendants' contacts are so "continuous and systematic" that general jurisdiction is warranted. *See Helicopteros*, 466 U.S. at 418. Accordingly, the Court finds general jurisdiction lacking in this case.

2. Specific Jurisdiction

Even though there is no general jurisdiction over Defendants, they may still be subject to jurisdiction on claims related to their activities or contacts in California. Such specific jurisdiction requires a showing that:

(1) The non-resident defendant . . . purposefully direct[ed] [her] activities or consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by which [she] purposefully avail[ed] [herself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). The plaintiff bears the burden of satisfying the first two prongs of the test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1555 (9th Cir. 2006). If, however, the plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

In determining whether jurisdiction exists in the present case, the Court must perform its analysis in relation to each defendant. *Sher*, 911 F.2d at 1365-66. This is because jurisdiction depends upon each defendant's relationship with the forum, not each defendant's relationship

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#27**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

with the corporate entity. *Id.* (citing *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977)).

a. <u>Purposeful Availment/Direction</u>

Under the first prong of the controlling test, Local Billing must establish that Defendants either purposefully availed themselves of the privilege of conducting activities in California or purposefully directed their activities toward California. *Schwarzenegger*, 374 F.3d at 802 (citation omitted). Where, as here, the suit sounds in tort, courts in this Circuit generally apply a purposeful direction analysis derived from the "effects" test articulated in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 904 (1984). *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The effects test requires a showing that the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.*; *see also Bancroft & Masters*, 223 F.3d at 1087.

In its Complaint, Local Billing alleges that "Defendants" made false representations about Local Billings' technological capabilities, its processes and procedures, and the integrity of Plaintiff's employees and agents to several California content distributors and to content providers who source content in California or direct a significant amount of their business to California. *See Compl.* ¶ 13. Local Billing further alleges that "Defendants" did so in an effort to disparage Local Billing's reputation and to divert business away from Local Billing and to Webbilling. *See id.* at ¶ 13.

The Ninth Circuit has observed that the first prong of the applicable test is satisfied when "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters*, 223 F.3d at 1087. Here, one member of Local Billing is a citizen of California. Thus, if Local Billing's allegations are true, then Defendants did indeed engage in wrongful conduct targeted at a California citizen. Therefore, under controlling precedent, unless Defendants controvert these allegations, the Court must accept them as true and find that Defendants purposely directed their activities toward California. *Harris Rutsky*, 328 F. 3d at 1129.

In an attempt to controvert these allegations, Defendants have supplied the Court with Declarations from Joseph Devlin, Ines Petersen, Frans Lamers, Michael Reul, and Jay Spillane, as well as a letter sent by Local Billing to Webbilling. In accordance with controlling precedent,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#27**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

the Court analyzes this evidence in relation to each individual defendant. *See Sher*, 911 F.2d at 1365-66.

                                 i.        <u>Frans Lamers</u>

Certain statements contained in the Declaration of Frans Lamers are particularly helpful to his position. For example, in his Declaration, Lamers testifies:

> I have no contacts with California. I own no real or personal property in California. I have no personal dealings in California. I have not dealt with any California agency or authority. Other than this case, I have not sued or been sued in California.

*Lamers Decl.* ¶ 5. Lamers also testifies that he "does not travel to California," "[has] not attended any industry trade shows in California . . . [including] the November 2007 trade show in Los Angeles referenced in the Complaint." *Id.* at ¶ 6.

This testimony sufficiently contradicts Local Billing's general allegations that "Defendants" made unlawful remarks. If Lamers never attended any industry trade shows in California, then it is unlikely that he ever made any of the actionable statements in this case. Moreover, there are no allegations in the Complaint that Lamers ever directed the other individual defendants to make certain statements.

Since this testimony sufficiently controverts Local Billing's general allegations that "Defendants" made certain actionable statements, Local Billing now has the burden of presenting admissible evidence to support the court's exercise of personal jurisdiction. *See Data Disc*, 557 F.2d at 1284. However, Local Billing has failed to do so. Indeed, the only evidence submitted by Local Billing on this discrete issue is found in the Declaration of Clayton T. Douglass. In that Declaration, Douglass testifies that certain actionable remarks were made at the November 2007 trade show. Importantly, though, Douglass only testifies to remarks made by Devlin "and/or" Petersen. *See Douglass Decl.* ¶ 9; he does not testify that Lamers ever made any remarks about Local Billing or, for that matter, directed Devlin or Petersen to do the same.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

Because Local Billing has failed to present admissible evidence demonstrating that Lamers purposefully directed his activities toward California, the Court finds that it cannot exercise jurisdiction over him.[2]

      ii.  <u>Reul, Devlin, and Petersen</u>

In their respective Declarations, Reul, Devlin, and Petersen all testify:

> *I have no contacts with California.* I own no real or personal property in California. I have no personal dealings in California. I have not dealt with any California agency or authority. Other than this case, I have not sued or been sued in California.

*Reul Decl.* ¶ 6; *Devlin Decl.* ¶ 5; *Petersen Decl.* ¶ 5 (emphasis added). These statements are, however, contradicted by these three defendants' admissions that although they do not travel "regularly" to California, they do "travel to California incidentally, for occasional industry trade shows in the course of [their] duties for, and as a representative of, Webbilling." *Reul Decl.* ¶ 7; *Devlin Decl*. ¶ 6; *Petersen* ¶ 6. Such travel to California constitutes a contact with California.

Unlike the testimony of Lamers, the Court finds that this testimony does not sufficiently controvert the allegations in Local Billing's Complaint. This is because the fact that these individual defendants only occasionally attend industry trade shows in California does not contradict Local Billing's allegation that Defendants[3] made unlawful statements at a California trade show. In fact, if anything, these Declarations confirm that these three defendants were occasionally present in the forum state, during which time they could have very easily made the allegedly unlawful remarks and misrepresentations that are at the center of this lawsuit.

Since Defendants have failed to controvert the relevant allegations insofar as they pertain to these three individual defendants, the Court must assume the truth of the Complaint's uncontroverted allegations. *Harris Rutsky*, 328 F. 3d at 1129. These allegations support a

---

[2] Since Local Billing cannot satisfy the first prong of the jurisdictional analysis, there is no need for the Court to determine whether Local Billing can satisfy the second prong, at least insofar as that prong relates to the activities of Lamers.

[3] As the Court has found that personal jurisdiction is lacking over Frans Lamers, from this point on "Defendants" refers solely to Reul, Devlin, Petersen, and Webbilling.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

finding that Local Billing has satisfied the first prong of the applicable test in relation to the activities of Reul, Devlin, and Petersen.

          iii.     Webbilling

In an attempt to persuade the Court that Webbilling has not purposely directed its activities toward California, Defendants have introduced a number of statements relating to Webbilling's activities. Importantly, though, this evidence speaks mainly to the origin of Webbilling, the location of its offices, and the fact that since Webbilling's services are not available to California consumers, no California consumers would ever be directed to a Webbilling page. *See Devlin Decl.* ¶¶ 4-5; *Lamers Decl.* ¶¶ 4-5; *Reul Decl.* ¶¶ 4-5. Thus, at best, this evidence suggests that Webbilling lacked a motive to make the allegedly unlawful remarks and misrepresentations. It does not, however, contradict Local Billing's allegations that Webbilling, among other things, purposely directed its activities toward California.

Under controlling precedent, the Court must assume the truth of the Complaint's uncontroverted allegations against it. *Harris Rutsky*, 328 F. 3d at 1129. These allegations support a finding that Local Billing has satisfied the first prong of the applicable test in relation to Webbilling.

     b.     Causation

The second requirement for specific personal jurisdiction is that the claim asserted in the litigation arises out of the defendant's forum related activities. *Panavision Int'l*, 141 F.3d at 1322. In the Ninth Circuit, this requires a showing that the plaintiff would not have been injured "but for" the defendant's conduct. *See id.* (citation omitted).

According to Local Billing, "some or all of the alleged illegal, unlawful and tortious acts, activities, conduct and practices of Defendants took place in whole, or in part, in California." *Compl.* ¶ 11. Further, as noted above, this conduct relates primarily to statements made by Defendants while in California and which allegedly had the effect of injuring Local Billing in California by disparaging its reputation and diverting business away from Local Billing. *Id.* at ¶ 13. Local Billing further alleges that the statements and misrepresentations made by Defendants were made by them for the purpose of and with the intention to interfere with Plaintiff's existing and/or potential business relationships with California companies. *Id.* at ¶ 14.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

In an attempt to controvert these allegations, Defendants direct the Court to a letter sent by Local Billing to Defendants. In that letter, Local Billing states:

> At the Webmaster Access tradeshow in Los Angeles in November 2007 Web Billing repeated . . . statements [that, inter alia, Local Billing does not do direct debit processing in Germany] and incorrectly stated that German users would be forced to use credit cards or to enter complicated bank details in order to use Local Billing, and that Local Billing will use another provider for direct debit processing in Germany.

*Reul Decl. Ex.* A. Pointing to this letter, Defendants argue that the evidence demonstrates that this case centers around the impact of statements on European market share, not on any injury felt in California. But such is not necessarily the case. Local Billing has alleged that "Defendants' wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff's identity, reputation, goodwill, and business, for which Plaintiff has no adequate remedy at law." *See Compl.* ¶¶ 19, 25, 31, 36, 42. This allegation, as well as those mentioned above, can be read to include injury felt in California as well as Europe. Thus, it does not necessarily follow that simply because there is evidence that Local Billing believes it suffered injury in the European market, the Court should conclude that Local Billing has suffered evidence in *only* that market. The Court cannot interpret the Complaint in such an unreasonably narrow manner.

Despite Defendants' arguments to the contrary, the evidence they introduced does not controvert the relevant allegations. In fact, if anything, the Declarations adduced by Defendants actually somewhat support these allegations. For instance, the Declarations submitted by Defendants confirm that Webbilling occasionally sends its employees to California for industry trade shows and that at least three of the individual defendants (Reul, Devlin, and Petersen) have traveled to California for these trade shows. *Reul Decl.* ¶ 7; *Devlin Decl.* ¶ 6; *Petersen Decl.* ¶ 6.

In light of the foregoing, the Court finds that Local Billing has sufficiently alleged that the injury it complains of would not have occurred had Defendants not made certain statements while at an industry trade show being held in California.

   c.  <u>Reasonableness</u>

Although the first two requirements are met in relation to Defendants, in order to satisfy the Due Process Clause, the exercise of personal jurisdiction must be reasonable. *Ziegler v.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

*Indian River County*, 64 F.3d 470, 474-75 (9th Cir. 1995). In accordance with controlling precedent, it is the defendant, not the plaintiff, who must present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Core-Vent Corp. v. Novel Indus. AB*, 11 F.3d 1382, 1487 (9th Cir. 1993).

In addressing the question of reasonableness, courts must consider seven factors: (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Burger King*, 471 U.S. at 476-77. No one factor is dispositive; a court must balance all seven. *Core-Vent*, 11 F.3d at 1488.

i. Purposeful Interjection

Even if there is sufficient "interjection" into the state to satisfy the purposeful availment/direction prong, the court must weigh the "degree of interjection" in assessing the overall reasonableness of jurisdiction under the reasonableness prong. *Id.* (citation omitted). Here, the degree of interjection was substantial.

Based on the allegations contained in Local Billing's Complaint, Defendants were present at an industry trade show in California. *Compl.* ¶¶ 12-14. While at this trade show, they made false statements and misrepresentations about Local Billing. *Id.* at ¶¶ 12-14. Allegedly, these remarks were made for the purpose of, and with the intention to, interfere with Plaintiff's existing and/or potential business relationships with California companies. *Id.* at ¶ 14.

Based on the foregoing, the Court finds that the purposeful interjection factor weighs strongly in favor of the exercise of personal jurisdiction.

ii. Defendants' Burden in Litigating

Although a defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, unless the "inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." *Caruth*, 59 F. 3d at 128-29 (citation omitted). Additionally, the Court analyzes the burden on Defendants in light of the corresponding burden on Local Billing. *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988) (citation omitted).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

Presumably, the burden on these non-resident Defendants to litigate in California is significant.[4] However, in light of the fact that Defendants apparently have enough resources to "occasionally" send its employees to California to participate in industry trade shows, *see Reul Decl.* ¶ 7; *Devlin Decl.* ¶ 6; *Petersen Decl.* ¶ 6, the inconvenience cannot be so great as to deprive them of due process. After all, if Defendants can afford to travel to California for business reasons, certainly they can afford to travel to California to defend a lawsuit that arises out of activities conducted on those business trips.

Based on the foregoing, the Court finds that this factor weighs in favor of the exercise of personal jurisdiction.

iii. Sovereignty

This factor concerns the extent to which the Court's exercise of jurisdiction in California would conflict with the sovereignty of the Netherlands (the residence of Webbillings), Germany (the residence of Reul and Petersen), and Florida (the residence of Devlin). *Core-Vent*, 11 F.3d at 1489. Importantly, in making this determination, the Court is mindful that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 115, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987); *see also FDIC v. British-American Ins. Co.*, 828 F.2d 1439 (9th Cir. 1987) (concluding that litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state).

Two cases are particularly instructive. In *Asahi*, the tire manufacturer on whose Asahi's liability was premised did not operate as Asahi's agent or subsidiary; thus, Asahi exercised little control over the marketing decisions or day-to-day activities of the manufacturer doing business in California. *Asahi*, 480 U.S. at 112-13. In *FDIC*, the defendant foreign corporation maintained no officer, affiliate, or subsidiary in the United States. *FDIC*, 828 F.2d at 1443-44. In both cases, the Court found this factor weighed in the defendants' favor. Here, by contrast, the three foreign defendants (Devlin, Reul, and Petersen) are employees of Webbilling and their only contacts with California relate to those trade shows they attend "in the course of [their] duties for, and as . . . [representatives] of, Webbilling." *Devlin Decl.* ¶ 6; *Reul Decl.* ¶ 7; *Petersen Decl.* ¶ 6. From these statements, it can be inferred that Webbilling is not simply a

---

[4] The Court can only presume since Defendants have not produced any evidence showing why the exercise of jurisdiction would be burdensome.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#27**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

passive party; rather, it seems that Webbilling in fact directed its employees to attend these shows in California.

While the Court is cautious about extending jurisdiction into the international context, such hesitance is mitigated quite a bit when a plaintiff's allegations demonstrate that a defendant has purposely engaged in efforts to benefit from the United States market and has committed a tort while present in the forum state. The same is equally, if not more so, true when the Court extends jurisdiction into a sister state, Florida.

Based on the reasons stated above, the Court finds that this factor weighs in favor of the exercise of personal jurisdiction.

### iv. Forum State's Interest

The Court next considers California's interest in adjudicating the suit. Here, one of the members of Local Billing is a citizen of California. *See Douglass Decl. in Response to OSC* ¶¶ 4-5. In addition, at the time the tortious conduct occurred, Local Billing was increasing its presence in the Los Angeles. *Douglass Decl.* ¶ 4. California undoubtedly maintains a strong interest in providing an effective means of redress for California citizens who are tortiously injured. *Cf. Gordy v. Daily News, L.P.*, 95 F.3d 829, 836 (9th Cir. 1996). Similarly, California maintains an interest in providing an effective means of redress for those who operate business within its borders. In light of the following, the Court finds that this factor weighs in favor of the exercise of jurisdiction.

### v. Efficient Resolution

This factor focuses on the location of the evidence and witnesses. *Caruth*, 59 F.3d at 120. Importantly, in light of the modern advances in communication and transportation, courts no longer accord great weight to this factor. *Id.*

Defendants argue that the parties, witnesses and documents are in Europe. Defendants have not, however, produced any evidence to support this assertion. Local Billing, by contrast, has produced evidence that many of its clients with whom Defendants allegedly interfered are located in Southern California. *See Douglass Decl.* ¶ 4. Local Billing has also produced evidence that shows it has many employees in California and has focused its business in Los Angeles. *See id.* Assuming that these clients and employees are non-party witnesses, obviously

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

this Court would be a much more convenient place to litigate the instant case than other tribunals, particularly those found abroad.

Based on the foregoing, the Court finds that this factor weighs in favor of the exercise of personal jurisdiction.

###### vi. Convenient & Effective Relief for Plaintiff

In evaluating the convenience and effectiveness of relief for the plaintiff, courts in this Circuit generally give little weight to the plaintiff's inconvenience. *Ziegler*, 64 F.3d at 476. Thus, although it will undoubtedly be more costly and inconvenient for Local Billing to litigate in another forum, particularly if that forum is in The Netherlands, in light of the applicable precedent the Court finds that this factor weighs only slightly, if at all, in Local Billing's favor.

###### vii. Alternative Forum

Defendants attempt to demonstrate that The Netherlands is an alternative forum. They have introduced a Declaration by J.M. Schmidt, an attorney licensed to practice law in The Netherlands. According to Schmidt, The Netherlands provides a remedy for the wrong at issue. *Schmidt Decl.* ¶¶ 3-4. Schmidt also testifies that The Netherland courts might have jurisdiction over this matter. *See id.* at ¶¶ 4-5.

Based on the foregoing, the Court finds that an alternative forum may exist. Thus, this factor weighs against exercising jurisdiction.

###### viii. Conclusion

In balancing the *Burger King* factors, the Court concludes that Defendants have failed to present a compelling case that the Court's exercise of jurisdiction in California would be unreasonable. *See Core-Vent*, 11 F.3d at 1487.

##### d. Conclusion

In summary, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. More specifically, the Court finds that it would be unreasonable to exercise personal jurisdiction over Lamers. However, the Court also finds that it

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#27**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

is reasonable and consistent with due process to exercise personal jurisdiction over Webbilling, Reul, Devlin, and Petersen.

> A. <u>Whether Dismissal is Appropriate on the Grounds of Forum Non Conveniens</u>

Defendants also seek relief on the basis of *forum non conveniens*. Under this doctrine, a district court has discretion to decline to exercise jurisdiction where litigation in a foreign forum would be more convenient for the parties. *Lueck*, 236 F.3d at 1142. In exercising this discretion, a court will consider whether an adequate alternate forum exists and whether the balance of private and public interests favors a different forum. *Id.*

> 1. <u>Adequate Alternative Forum</u>

Defendants bear the burden of demonstrating that an alternative forum exists and that it is adequate. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 n. 22 (9th Cir. 2000). Generally, an alternative forum is adequate if the defendant is amenable to service of process and the forum provides "some remedy" for the wrong at issue. *Lueck*, 236 F.3d at 1143 (citation omitted). According to the Ninth Circuit, "This test is easy to pass; typically, a forum will be inadequate only where the remedy provided is 'so clearly inadequate or unsatisfactory, that it is no remedy at all.'" *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177 (9th Cir. 2006) (citation omitted).

To meet its burden, Defendants have again offered the Declaration of J.M Schmidt. This Declaration details background about the availability of tort relief and judgment enforcement in The Netherlands' court system. *See Schmidt Decl.* However, the Court finds this Declaration to be unpersuasive. While Defendants have demonstrated that "Dutch law provides for an action arising from an unlawful act ('oncrechtmatige daad')," *Schmidt Decl.* ¶ 3, they have not demonstrated that a court in The Netherlands would have jurisdiction in this matter. Indeed, the only statement in Schmidt's Declaration that speaks to this issue is a conditional sentence. *See id.* at ¶ 4 ("*[I]f* a Dutch court has jurisdiction in this case according to the rules of conflict applicable in The Netherlands with regard to this case . . . .") (emphasis added). Under controlling precedent, Defendants are required to establish that the foreign forum's laws provide potential redress for the injury alleged. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). Obviously, if a court does not have jurisdiction over a matter, then the court cannot provide redress for an injury suffered.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

CIVIL MINUTES - GENERAL

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

It was incumbent upon Defendants to familiarize the Court with The Netherlands' legal system and to demonstrate that this particular case could be brought in The Netherlands. Their failure to do so is fatal to their Motion. Accordingly, the Court finds that Defendants have failed to satisfy their burden of demonstrating the existence of an adequate alternative forum.[5]

### 2. The Balance of Private and Public Interest Factors

Even when an adequate alternative forum exists, district courts are not to disturb the plaintiff's original choice of forum "unless the 'private interest' and the 'public interest' factors strongly favor" dismissal. *Lueck*, 236 F.3d at 1146. The Ninth Circuit has further explained that a plaintiff need not select the optimal forum for her claim; she does, however, have to select a forum that is not so oppressive and vexatious to the defendant "as to be out of proportion to plaintiff's convenience." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000).

### a. The Private Interest Factors

The private interest factors include the following: (1) the residence of the parties and witnesses, (2) the forum's convenience to the litigants, (3) access to physical evidence and other sources of proof, (4) whether unwilling witnesses can be compelled to testify, (5) the cost of bringing witnesses to trial, (6) the enforceability of the judgment, (7) any practical problems or other factors that contribute to an efficient resolution. *Lueck*, 236 F.3d at 1145. In applying these factors, "the district court should look to any or all of the above factors which are relevant to the case before it, giving appropriate weight to each." *Id*.

Defendants argue that the private interest factors weigh in their favor. Specifically, they represent that none of the witnesses in the case – both party and non-party – are located in California. They also contend that the first actionable remarks were allegedly made at a European trade show, which means that many of the witnesses and documents are located in Europe. According to Defendants, it would be unduly expensive to haul these witnesses and documents to the United States.

Most of Defendants' arguments are one of two things: unsupported averments or contradicted by evidence submitted by Local Billing. For example, Defendants argue that because the actionable remarks were made at a European trade show, many of the witnesses and

---

[5] In addition, the Court observes that Defendants have failed to state that they are amenable to service in The Netherlands.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

documents are located in Europe. But an examination of the Complaint evidences that the conduct complained of occurred at a Los Angeles trade show. Thus, if the Court were to follow Defendants' rationale – that rationale being that the location where the remarks were made is where the evidence is located – it follows that most of the witnesses and documents are located in California, not Europe. Additionally, Local Billing has submitted evidence that many of its employees work in California and that many of the clients with whom Defendants allegedly interfered are located in California. *See Douglass Decl.* ¶ 4. Finally, although two of the individual defendants undoubtedly live abroad, at least one individual defendant (Devlin) definitely resides in the United States and there is evidence indicating that another individual defendant (Petersen) may reside in the United States as well. *See Gonzalez Decl.* ¶ 3 & *Ex.* 3. Thus, based on the foregoing, the Court finds that the first three private interest factors tilt in Local Billing's favor. For the reasons that follow, the Court finds that so do most of the final four factors.

As an initial matter, although Defendants have submitted evidence that a judgment entered by The Netherlands courts could be enforced against them,[6] they have not presented evidence on the remaining factors. For example, Schmidt does not testify as to whether The Netherlands' courts would be able to compel witnesses, particularly non-party witnesses, to testify. Nor does Schmidt testify as to who will bear the brunt of the cost in transporting evidence from California to The Netherlands.

As Local Billing points out, based on the record, it appears that the economics of bringing a few witnesses from The Netherlands to California will be less costly than moving a trial that is based on remarks made in California to California companies about another California company from the present location to The Netherlands. Accordingly, the Court finds that the private interest factors weigh against dismissal.

      b.  <u>The Public Interest Factors</u>

In addition to the private interest factors, the Court must consider five public interest factors: (1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum. *Lueck*, 236 F.3d at 1147.

---

[6] This averment is based on an assumption that jurisdiction would exist in this particular case—an assumption that, as noted above, is unsubstantiated.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

    Defendants argue that there is relatively little local interest in a suit brought by an entity located in Missouri against European defendants about European payment processing services. While there is evidence that this case may concern certain statements made abroad, *see Douglass Decl.* ¶ 11, the fact of the matter is the Complaint is based upon statements made in California to California companies about a California limited liability company that does business in California. California undoubtedly has an interest in protecting its own citizens from torts committed within its borders as well as an interest in protecting those who lawfully come within its borders to do business.

    In addition, as to the second factor, the Court is familiar with the governing law. And, as to the fourth factor, adding one case that relates to a few statements made locally will not overly burden this court or the local juries.

    Based on the foregoing, the Court finds that the public interest factors weigh against dismissal.

    3.    <u>Conclusion</u>

    Not only have Defendants failed to demonstrate that an adequate alternative forum exists, they have also failed to demonstrate that the private and public interest factors favor dismissal. Accordingly, the Court DENIES Defendants' Motion to Dismiss on the basis of *forum non conveniens*.

    C.    <u>Whether Dismissal is Appropriate Under Rule 12(b)(6)</u>

    Defendants' last attempt for relief comes by way of a Motion for Dismissal brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), a party may move to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that even though a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp*, 127 S. Ct. at 1965 (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citation omitted).

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#27**

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3083 PSG (MANx) | Date | Dec. 10, 2008 |
|---|---|---|---|
| Title | Local Billing, LLC v. Webbilling | | |

In their Motion, Defendants argue that Plaintiff's Complaint contains "vague allegations about unspecified statements made by unspecified defendants for unspecified parties with unspecified results relating to unspecified 'Current' and 'Potential' customers." *Mot.* 15:8-10. However, in reading Plaintiff's Complaint, the Court finds that the allegations inarguably put Defendants on fair notice of what Plaintiff's claims are and the grounds upon which they rest. *Erickson*, 127 S. Ct. at 2200. Put otherwise, the Complaint more than meets the modest requirement of notice pleading under the Federal Rules.

For this reason, the Court DENIES Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

## IV.   CONCLUSION

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Defendants' three alternative Motions. More specifically, the Court:

1. GRANTS Defendants' Motion to Dismiss pursuant to Rule 12(b)(2) insofar as the Motion relates to Frans Lamers;

2. DENIES Defendants' Motion to Dismiss pursuant to Rule 12(b)(2) insofar as the Motion relates to all other defendants (Webbilling, Devlin, Reul, and Petersen);

3. DENIES Defendants' Motion to Dismiss on the basis of *forum non conveniens*; and,

4. DENIES Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

**IT IS SO ORDERED.**